W. Vincent Grady, S. and Acting County Judge.
Application has been made to the County Court of Dutchess County by the above-named defendant in person for relief in the nature of a writ of error coram nobis to have a certain conviction for burglary in the third degree and grand larceny in the second degree rendered against him on December 28, 1937 vacated, declared void and expunged from the record.
Honorable John B. Schwartz, Dutchess County Judge, has disqualified himself in this proceeding by reason of the fact that he was District Attorney at the time of the conviction of this defendant and has certified the matter to the Surrogate of Dutchess County pursuant to section 73-a of the Civil Practice Act and section 44 of the Code of Criminal Procedure.
After hearing the defendant in person on April 5, 1960 and Canio J. Sálese, court appointed attorney for said defendant, of Beacon, N. Y., and Baymond C. Baratta, Esq., District Attorney of Dutchess County, with John B. Heilman, Jr., Esq., of counsel, and after due deliberation thereon, the court decides and finds as follows:
It appears from the testimony of the defendant Lloyd Willis that at no time during his arraignment, plea and sentence when he was before the Dutchess County Court was he ever advised of his right to counsel, nor was counsel appointed for him. The Dutchess County Court criminal docket, kept by the Clerk of the court, makes no mention of counsel representing the defendant or that he was advised of his right to counsel. The defendant was the only one who testified in his own behalf and the People produced no evidence except the criminal docket, which is silent on this point. Former County Judge, J. Gordon Flannery, who presided at the plea and sentence is deceased, as is also the former Calendar Clerk of the County Court. County Judge John B. Schwartz who was District Attorney at the time of plea and sentence did not testify and informed Assistant District Attorney John B. Heilman, Jr. that he does not remember what was done in that particular ease on December 28, 1937.
There is a presumption of regularity that judgment and sentence were correctly pronounced by the court (see People v. Lake, 190 Misc. 794 ; appeal dismissed 299 N. Y. 675). In that case the court stated:
*787 There is a presumption of regularity attached to judgments of convictions and to be successful, petitioner must rebut such presumption. The law seems clear that the fact that court records' are silent, coupled with petitioner’s affidavit years later that he was not advised of his rights is not sufficient in and of itself to rebut the presumption of regularity attached to the judgments of convictions.
It is the opinion of this court following the authority in the Lake case {supra) that the failure of the records to indicate that this defendant had counsel or was advised of his right to counsel, coupled with defendant’s testimony 23 years later that he was not advised of his rights to counsel, is not sufficient in and of itself to rebut the presumption of the regularity attaching to judgment of conviction.
Defendant’s application for a writ of error coram nobis is in all respects denied.