Milton A. Wiltse, J.
The defendant has filed an application for a writ of error coram nobis, in which he seeks to vacate a judgment of conviction for the crimes of burglary in the third degree and grand larceny in the second degree. The conviction followed his plea of guilty on February 3, 1937.
Defendant asked for a hearing in connection with his application. It was granted. The hearing was held on August 29 and August 30, 1961 at which time witnesses were produced by both sides.
The defendant testified that an attorney appeared for him at the time of his arraignment on the charge on January 16, 1937 when a plea of not guilty was entered. On February 3, 1937, he further stated, he entered a plea of guilty, whereupon judgment was pronounced that resulted in his confinement in the Few York State Vocational Institute at Coxsackie, Few York. He further claimed that counsel was not present at the time of his plea of guilty and sentence.
Defendant’s mother also appeared as a witness in his behalf and testified substantially to the same thing.
The records of the Court Clerk, and the judgment of conviction filed in the County Clerk’s office, with regard to the defendant’s arraignment on January 16, 1937 and the proceedings of February 3, 1937, were in evidence. The Court Clerk’s record indicates that an attorney represented the defendant, although it does not disclose in detail every appearance by the attorney. This attorney is known to be reputable and competent. The reference to representation by counsel is in the caption of the case as entered in the Clerk’s record. The judgment of conviction mentions the appearance of this same counsel at the time of the defendant’s arraignment. It does not in detail mention his appearance at any other time.
There was also a codefendant convicted and sentenced under the same indictment which the defendant seeks to have vacated as to him. The Clerk’s record, with respect to the codefendant, shows in the caption of the case that the codefendant was represented by different counsel than was the defendant Hall. The judgment of conviction, with respect to the codefendant, does not specifically mention the appearance of his attorney. *849 It would appear, therefore, that at that time it was not necessarily the practice to mention every appearance of an attorney in a judgment of conviction.
The Chief Probation Officer of Jefferson County testified that his records disclose that counsel for the defendant Hall was assigned by the court on January 16, 1937. This is the same counsel mentioned in the records in evidence, and by the defendant in his testimony.
The defendant is presently serving a sentence in Attica Prison as a second felony offender, which will expire on June 14, 1962. Should his contention regarding the entering of a plea of guilty and sentence, without representation by counsel, to the 1937 felony charges, be correct, such conviction should be vacated and he would then be subject to resentence as a first felony offender.
However, it is not believed that the evidence produced by the defendant is sufficient to establish his claim.
The counsel that the Probation Officers’ records indicate was assigned to represent the defendant, and that is mentioned in the Clerk’s record and the judgment of conviction, appeared as a witness. Understandably, after a lapse of almost 25 years, he had no recollection of the matter. Both of the persons who were District Attorney and County Judge in 1937 are now deceased. The Court Clerk who made the record pertaining to the defendant is now 89 years of age, ill, and was unable to appear.
There is no contention by the defendant that he was not assigned the counsel mentioned in the records. Admittedly this attorney appeared with the defendant at the time of his arraignment. It must be concluded that counsel, assigned by the court, appeared also when the plea of guilty to the charge was entered, and when judgment was pronounced. The records in evidence, when considered in their entirety, indicate that the defendant was represented by counsel.
There is also a presumption of regularity that judgment and sentence were correctly pronounced by the court. (People v. Lake, 190 Misc. 794, appeal dismissed 299 N. Y. 675; People v. Willis, 28 Misc 2d 785.)
The defendant has failed to establish his contentions by a fair preponderance of the credible evidence. The application to vacate the judgment of conviction of February 3, 1937 should be denied.